# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
HARRISBURG, PA

JUN 30 2008

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

UNITED STATES OF AMERICA        )
          **Plaintiff[s],**        )
                     )
                     )
                     )
**Vs.**        )        CASE NO. 1:CR-00-050-01
                     )
                     )
JAMES N. LONER, JR.        )
          **Defendant.**        )
                     )

## DEFENDANT'S MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) AND § 1B1.10

COMES NOW, James N. Loner, Jr the Defendant proceeding **Pro Se** in the above captioned case, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the Sentencing Guidelines, to reduce his sentence based upon the Amendment to § 2D1.1 of the Sentencing Guidelines which came effective March 3, 2008 concerning cocaine base ("crack") offenses.

In Support of this Motion, Loner states as follows:

A.      **STATEMENT OF CASE AND LEGAL BACKGROUND**

1.   On February 16, 2000, a federal grand jury sitting
in the Middle District of Pennsylvania returned a Superseding
Indictment charging James N. Loner, Jr. with conspiracy to distribute
and possess with intent to distribute in excess of Fifty (50)
grams of cocaine (Count I) and distributing and possession with
the intent to distribute in excess of Fifty (50) grams of cocaine
base (Count II) in violation of Title 21, United States Code,
Section § 846 and § 841, aiding and abetting another to use or
carry a firearm during and in relation to a drug trafficking
crime in violation of Title 18, United States Code, Section §
924(C)(1) (Count VI) and with being a felon in possession of
ammunition in violation of Title 18, United States Code, Section
§ 922(g) and § 924(a)(2) (Count VIII).

2.   On February 28, 2000, Loner appeared before the
Magistrate Judge and entered a plea of not guilty. On March 3,
2000, after a hearing, Loner was ordered detained without bail
to wait trial.

3.   After the District Court denied the defendant's
pretrial motions, trial commenced on June 5, 2000, and ended
on June 8 with Loner having been found guilty of the charges
set forth in Counts One, Two, Six and Eight. Counts Nine

(2)

through Thirteen were dismissed on Motion of the Government prior
to the case going to the Jury.

4.   On November 29, 2000, the District Court sentenced
Loner to imprisonment of 360 months on each of Counts One and
Two and 60 months on Count Eight to run concurrently with each
other. Loner was also sentenced to 60 months imprisonment on
Count Six, said sentenced to run consecutively to the other counts.
Loner was additionally placed on supervised release for 10 years
on Counts One and Two and for 3 years on Counts Six and Eight,
all sentences of supervised release to run concurrently. Loner
was fined $4,000.00 and ordered to pay a special assessment fee
of $400.00 . Loner's total sentence of imprisonment was 35 years
[420 months].

5.   On December 11, 2000, Loner filed a Notice of Appeal
to the U.S. Court of Appeals for the Third Circuit, captioned
United States v. James N. Loner, Jr. No. 00-4333 . Third Circuit
affirmed the decisions of the District Court, issuing its Memorandum
Opinion on May 15, 2001.

6.   Defendant argued on Appeal that he was sentenced
unconstitutionally, as he was punished upon allegations that
were not proved to the Jury pertaining to "Drug Quanity and Drug
Type".

7.   On June 6, 2000, the United States Attorney's Office
was served with Loner's Motion for Vacation of Conviction and
Sentence pursuant to § 2255 and its supporting Memorandum of Law.

B.      LONER'S OFFENSE LEVEL AND SENTENCE WAS BASED
        ON QUANITY OF DRUGS.

Prior to Sentencing, Probation prepared a pre-sentence investigation report (PSI). The PSI calculated a total base offense level of 38 based on the fact that Loner offenses involved 1.5 Kilograms or more of cocaine base. See #26 of PSI Report **EXHIBIT A** which states:

> GROUP ONE COUNTS I, II, and VIII
>
> **BASE OFFENSE LEVEL**: The guideline for 21 U.S.C. § 846 and § 841 offenses is found in USSG §2D1.1, which provides for a base offense level of Thirty-Eight for offenses involving 1.5 Kilograms or more of cocaine base.        **38**

C.      DETERMINATION OF GUIDELINE RANGE

Under the versions of Section § 2D1.1 in effect at the time of Loner's sentencing, Loner's Base Offense Level for the crack offense was 38, at a Criminal History Category VI, which would be reduced to a **Amended Offense Level** 36 pursuant to Amendment 706.

| | | | |
|---|---|---|---|
| **Previous** Offense Level | 38 | **Amended** Offense Level | 36 |
| **Criminal** History Category | VI | **Criminal** History Category | VI |
| **Previous** Guideline Range | 360 to Life | **Amended** Guideline Range | 324 to 405 months |

Loner's new guideline imprisonment range is 324 to 405 months. This change in Loner's guideline range give this Court Jurisdiction to proceed under 18 U.S.C. § 3582(c)(2). Loner has therefore met the eligibility requirements for a reduction in his sentence. Because Loner was given a **Guidelines Sentence and Sentenced to an Base Offense Level 38 under the Guidelines that was "derived from Drug Quanity"**, Loner is able to benefit from the Guidelines Amendment. The guidelines has been amended by the United States Sentencing Commission [USSC], and the Amendment has been determined to apply retroactively effective March 3, 2008. Since Loner's **sentence did rest on the provisions regarding cocaine base ("crack") in Section § 2D1.1**, Loner is entitled to Modification and / or Reduction of his previously imposed 360 months sentence on Counts I and II.


D.        MEMORANDUM OF LAW, ARGUMENT, AND FACTS IN SUPPORT
          OF 18 U.S.C. § 3582(c)(2)


AMENDMENT 706 DOES LOWER LONER'S SENTENCING RANGE
BECAUSE HIS GUIDELINE RANGE WAS DETERMINED BY THE
SENTENCING TABLE UNDER THE PROVISIONS OF DRUG
QUANITY § 2D1.1


This Honorable Court has the authority to reduce Loner's sentence, since his Sentencing Range was determined by § 2D1.1, and because Amendment 706 has effect of lowering the sentencing range, under which he was sentenced. Loner's Base Offense Level 38 was determined under the provisions of Drug Quanity,

pursuant to § 2D1.1 . "A defendant sentenced under § 2D1.1 for
a crack offense after November 1, 2007 receives a base offense
level that is Two Levels lower than what he would have received
for the identical offense if he had been sentenced before the
November 1, 2007 Amendment. 2 Federal Sentencing Guidelines Manual,
Appendix C, Amendment 706 **("Appendix C"), at 1160.**

Loner was "sentenced...based on a sentencing range that
has subsequently been lowered by the Sentencing Commission," 18
U.S.C. § 3582(c)(2), which he is entitled to relief. Moreover,
pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may
be reduced only when "such a reduction is consistant with the
applicable policy statements issued by the Sentencing Commission."

Because Amendment 706 would result in a different sentencing
range for Loner and Loner's offense level was controlled by the
Sentencing Table under the provisions of Drug Quanity [§ 2D1.1],
and was affected by the underlying offense level, Amendment 706,
which changes offense levels under § 2D1.1, has bearing on Loner's
offense level and this Court is able to reduce his sentence.

**Section § 3582(c)(2)** provides:

Under Title 18 U.S.C. § 3582(c)(2), a defendant who
has been sentenced to a term of imprisonment based on a sentence
range that has subsequently been lowered by the Sentencing Commission
pursuant to 28 U.S.C. 994(o), upon motion of the defendant.....,

the Court may reduce the term of imprisonment, after considering
the factors set forth in Section § 3553(a) to the extent that
they are applicable, if such a reduction is consistent with
applicable policy statements issued by the Sentencing Commission.

In the case at hand, Loner seeks a reduction in his
cocaine base ("crack") sentence offense level, and therefore satisfies
the prerequisites of 18 U.S.C. § 3582 which requires that (1)
his initial sentence range be lowered by the Sentencing Commission
pursuant to 28 U.S.C. § 994(o) and allows this Honorable Court
to take into account the relevant 18 U.S.C. § 3553 factors in
reducing his sentence.

Defendant Loner, is entitled to this court's consideration
of those factors found in 18 U.S.C. § 3553(a), in its determination
of the sentence necessary for the crime[s] of conviction. Under
the "New" and retroactive amendment made to the crack cocaine
guidelines range, this court has both the authority and discretion
to modify Loner's previously imposed term of imprisonment to any
term to which this court would have imposed had the amendment
to the crack guidelines been effect at the time it imposed sentence.
Indeed, and to be sure that this court felt compelled to follow
the guidelines, as they existed in 1998, this court only need
to look to its "**comments**" during defendant Loner's **Sentencing
Hearing** held on November 29, 2000, in this matter. Many court's
this court included, had "misgivings" about the "penalties" that
the "mandatory" guidelines required under the now defunct statutory
provisions 18 U.S.C. § 3553(b).

Loner, now recites this Court's comments during his
Sentencing Hearing to refresh the court's memory:

> "[A]ll Right. Mr. Loner, this is a very sad
> situtation because I personally feel that
> these federal sentencing guidelines are
> much, much more severe than they should be
> when we are dealing with Cocaine and Crack
> Cocaine. Unfortunately the law requires me
> to comply with the federal sentencing guide-
> lines which creates the range where I must
> sentence you, and I hope at some point that
> something might occur that would enable the
> court to reduce your sentence because I think
> a sentence such as I have to impose on you
> today is very unfair and unrealistic, but,
> as I said, and i'm not a member of the Congress,
> but I do have to comply with whatever laws
> they enact.

> _____ Tr. of Sentencing Hr'g November
>                29, 2000 . See **EXHIBIT B**

The record makes it very clear that the District Judge
at Loner's Sentencing, noted its distaste for the "Federal Sentencing
Guidelines dealing with crack cocaine and the length of sentence he
had to impose on Loner. In light of **Kimbrough v. United States**,
--- U.S. --- , 128 S.Ct. 558 (2007), the record of Loner's Sentencing,
clearly shows that the District Court would have impose a non-Guidelines
sentence had it been aware that "the cocaine guidelines", like all other
Guidelines, are "advisory only", and that therefore had discretion

to deviate from the Guidelines where necessary to serve the objectives of sentencing under 18 U.S.C. § 3553(a). **Id** at **564, 575**. The matter of whether to grant a departure or a non-Guidelines sentence lies within the discretion of the Sentencing Judge. See, eg., **Selioutsky, 409 F.3d at 118-19 (2nd Cir. 2005)**. Loner respectfully request that this Honorable Court impose a non-Guidelines sentence reduction greater than the Two-Levels and below the advisory guidelines range. **Kimbrough v. United States**, 522 U.S. ____ (2007), which allows courts to disregard "suggested" Sentencing Guidelines ranges as long as the ultimate sentence does not run afoul of the prescribed Statutory sentence range. Loner's **prescribed Statutory Sentencing Range was** <u>0</u> **to** <u>30</u> **years**, since his Conviction fell under <u>Statute</u> **§ 841(b)(1)(C)**.

        _____ See Tr. of Opinion of Third Circuit of Appellate's Brief. **EXHIBIT C**


II.        **DEFENDANT LONER SEEKS A REDUCTION OF HIS SENTENCE BASED ON THE DISPARATE SENTENCES IMPOSED IN COCAINE BASE "CRACK" OFFENSES AS OPPOSED TO POWDER COCAINE SENTENCES WHEN BOTH DRUGS ARE NOW RECOGNIZED TO BE EQUAL**


Loner seeks a reduction in his sentence based on the substantially unfair sentencing practices that have come to light in regards to cocaine base "crack" offenses and cracks counterpart, cocaine powder. The two drugs now, after twenty years been

(9)

recognized to be equal. Now that the United States Sentencing Guide-
lines are advisory, the cocaine base "crack" disparity is no longer
mandatorily applied. Further, it was recently admitted that cocaine
base "crack" and cocaine powder have the same physiological and
psychotropic effects but were handled very differently for sentencing
purposes. The modes amendment which reduced the offense level in
cocaine base "crack" offenses, became effective November 1, 2007.
Even after this amendment, the Sentencing Commission noted that the
amendment was only a "partial" step to solving the problems associated
with the cocaine base / cocaine powder disparities. See also
**Kimbrough v. United States**, 552 U.S. ____ (2007).

Thus, it is respectfully requested that this Honorable Court
tailor Loner's new "advisory" sentence to reflect the cocaine base
("crack") / powder cocaine disparities as part of its consideration
of the § 3553(a) factors.

III.        **DEFENDANT SEEKS A REDUCTION IN HIS SENTENCE BASED**
            **ON HIS SUBSTANTIAL EFFORTS AT POST - CONVICTION**
            **REHABILITATION AND FACTORS SET FORTH IN**
            **18 U.S.C.A. § 3553(a)**

The Sentencing Commission Policy Statement provides that
in determining whether a reduction should be granted under § 3582
(c)(2), and the extent of such a reduction, the court must

consider the factors set forth in 18 U.S.C.A. § 3553(a) (West
2000 and Supp. 2007). Defendant Loner moves this Honorable Court
to consider those <u>Factors</u> and <u>Rehabilitative Efforts - Self Betterment
Programs</u>, since his imprisonment of 2000, which are offered by
the Bureau of Prisons [BOP]. Those **Programs** are:

        **(1)**    **Osha Award**
        **(2)**    **Accounting Essentials**
        **(3)**    **Communication Skills**
        **(4)**    **Business Etiquette**
        **(5)**    **Victim Impact Program**
        **(6)**    **Drug Program**
        **(7)**    **Beat Street Achievement**
        **(8)**    **Parenting I, II, III, IV, V, VI and VIII**
        **(9)**    **In Appreciation of Faithfulness & Dedication Christian Character**
        **(10)**   **Spiritual Themes in Film**
        **(11)**   **Spiritual Wellness "<u>Interpreting Film Phase III</u>"**
        **(12)**   **Spiritual Wellness "<u>Wisdom Meditation</u>"**

<u>                 </u> <u>See</u> [BOP] Certificates **EXHIBIT D**

        Under the § 3553(a) factors, Loner moves this court to
also consider (1) **"<u>The lost of his Parents</u>"**. Since being incarcerated
Loner has lost both of his parents. MOTHER~Rosalee Loner in 2003
& FATHER-James Loner, Sr. in 2005. (2) **"<u>Children</u>"**. Prior to being
incarcerated, Loner had Legal Custody and was taking care of the
kids on his own ages <u>6</u> months, <u>4</u> and <u>8</u> years old. Loner still has
a strong support system with them, which are ages <u>8</u>, <u>12</u>, and <u>16</u>
years old. (3) **"<u>Characteristic</u>"**. Of reviewing Loner's

State Judge's Letter dated **April 30, 2008**, its obvious of Judge
Kurtz comments, he would of supported Loner with an Recommendation
Letter "to this Honorable Court" had he been able to do so. Had
he felt Loner was menace or threat to society its obvious he
would of stated so. (4) **"Time already Served"**. Loner has already
served over 8½ years, which is like a (Third) of his 35 years
sentence. Lastly, (5) **"Court Fine"**. Loner has been faithfully
paying his Financial Responsability Payment [FRP] Fine, which
is also considered [BOP] Programming.

          _____ See Parents, Children, and Judge Kurtz Letter
          **EXHIBIT E**

    Of all the above facts, the (Successful Accomplishments of
Rehabilitating Efforts, Extraordinary Family Circumstances, Judge
Kurtz Letter, and Time Served), Loner prays that this Court will
consider these under the § 3553(a) factors, militate a lesser sentence,
other than the aggregated [420 months] and grant him another opportunity
in society to "once again" be a Father in his children lives.

    Courts have recognized that while federal sentencing guidelines
are predicated primarily on mechanically defined "just deserts" based
on the nature of the crime, "extraordinary rehabilitation" may entitle
a defendant to a lesser sentence. See **United States v. Sally**, 116 F.3d
76, 80 (3rd Cir. 1997); **United States v. Brock**, 108 F.3d 31, 34-35
(4th Cir. 1997); **United States v. Maldonado**, 242 F.3d 1 (1st Cir. 2001);
and **United States v. Gore**, 125 F.3d 74, 75 (2nd Cir. 1997). This

Court may consider the recent holding in the United States Supreme Court's **Gall v. United States**, 552 U.S. _____ (2007).

IV.               **LONER IS ENTITLED TO A MODIFICATIO AND / OR
                  REDUCTION TO HIS THIRTY FIVE-YEAR TERM[S] OF
                  IMPRISONMENT UNDER 18 U.S.C. § 3582(c)(2)**

          Title 18, United States Code, Section 3553(a) requires the
Court to impose a sentence which is sufficient, but not greater than
necessary, to achieve the purpose of sentencing. e.g. (1) the nature
and circumstances of the offense and the history and characteristics
of the defendant; (2) the need for the sentence imposed to reflect
the seriousness of the offense; (3) to promote respect for the law,
and to provide just punishment for the offense, and to serve the
goals of deterence and rehabilitation; (4) the applicable policy
statements issued by the Sentencing Commission; (5) the need to avoid
unwarranted sentence disparities among defendants with similar records
who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)
(2007). See **United States v. Forty-Estremera**, 498 F.Supp.2d 468
(D.P.R. Aug 1, 2007); **United States v Gilliam**, 513 F.Supp.2d 594
(DC W.D. Vig. Sept. 26, 2007). Indeed, like the defendant in **Forty**
cited above, Loner is entitled to be sentenced by this Court under
the Sentencing Laws as they now exist. Defendant, Loner is mindful
that those cases decided after his conviction became final does not
mean this Court is free to impose any sentence it wants, all that
Loner can say to that end is that those cases decided after

his conviction and sentence became final certainly "increased this
Court's discretion, even if that discretion is not without limits".
The **proper** procedure Loner prays this court will follow is (1) This
court will grant him a <u>Resentencing Hearing</u>, and (2) the court will
begin by <u>calculating the applicable guideline range</u>. Once that is
established, the Court will <u>evaluate those factors set forth in 18</u>
<u>U.S.C. § 3553(a)</u> to determine whether or not a guideline or non-
Guidelines sentence is warranted. <u>See</u> **<u>United States v. Gilman</u>**, **478
F.3d 440, 444 (1st Cir. 2007)**, and the Cases cited therein. This
Honorable Court has stated how it "felt of the Guidelines ("guide-
line sentences") of being to harsh, unfair, and unrealistic in defendant
Loner's case". Section § 3582(c)(2) provides that the Court may modify
a sentence when the Sentencing Commission has lowered the relevant
sentencing range. Thus, relief is only available if the Sentencing
Commission changes a sentencing range, not based on the Supreme Court's
decision in **<u>United States v. Booker</u>**, **543 US 220, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005)**. However, it is clear that in **Booker** the Supreme
Court explicitly stated that "as by now should be clear [a] mandatory
system is no longer an open choice." **<u>Id</u>. 543 US at 263, 125 S.Ct.
738**. Moreover, **Booker** emphasized that the Sentencing Guidelines could
not be construed as mandatory in one context and advisory in another.
"[W]e believe that Congress would not have authorized a mandatory
system in some cases and a non-mandatory system in others, given the
complexities that such a system would create." **Id at 266, 125 S.Ct.
738**.

Indeed, District Courts are now endowed with discretion to
obviate Application Note 2 of **Section § 1B1.10(b)** of the

of the Guidelines which states that:

> "[I]n determining the amended guideline range under subsection (b), the Court shall substitute only amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected........."

Therefore, since **Booker** excised the statutes that made the Guidelines mandatory and mandatory guidelines no longer exist, this Court is free to resentence Loner accordingly. See **United States v. Hicks**, 472 F.3d 1167, 1171-72 (9th Cir. 2007) (holding..."Booker provides a constitutional standard which courts may not ignore...[T]o the extent that the policy statements are inconsistent with Booker, the policy statements must give way"). cf. **Cirilo Munoz v. United States**, 404 F.3d 527, 533 n. 7 (1st Cir. 2005) (noting that several courts of appeals have said that the advisory guidelines regime is to be used after Booker in resentencing even when the remand for resentencing are not caused by Booker error).

But, those Policy Statements must be read as advisory after **Booker**. See **United States v. Hicks**, 472 F.3d 1167, 1170 (9th Cir. 2007) ("[b]ecause a 'mandatory system is no longer an open choice,' district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)") (Citing **Booker v. United States**, 543 U.S. 220, 263 (2005)); **United States v. Jones**, 2007 WL 2703122 (D.Kan. Sept 17, 2007); **United States v. Forty Estremera**, 498 F.Supp.2d 468, 471-72 (D.P.R. 2007).

Hence, this Court should in fact be mindful that **Booker** does not mean that Judges are now free to impose any sentence they want and that while **Booker** has increased a sentencing court's discretion, that discretion is not without limits. Therefore, if in fact this Court grants Loner a Resentencing Hearing, Loner prays that this court will begin by calculating the applicable guideline range.

Indeed, the USSC has made some heavy handed changes to § 1B1.10 intended to limit a court's ability to reduce sentences by more than Two-Levels, begging the question of the extent to which the Commission can limit a court's sentencing discretion under 18 U.S.C. § 3582(c)(2).

Taken together, revised §§ 1B1.10(b)(1) and (b)(2) state that the court "shall not" reduce the defendant's term of imprisonment to a term that is less than the minimum of the recalculated guideline range, which can only be determined by substituting the amended guideline for the prior version and leaving all other guideline decisions the same as before. In other words, if the defendant did not get a guideline departure before, according to the Commission, he can not get one now. For those who received a departure the first time around, the Commission suggests that a "comparable" reduction to the amended guideline range may be appropriate, meaning that if the defendant received a sentence that was approximately 20% less than the bottom of the guideline range at the original sentencing, he may be eligible for a 20% reduction from the bottom of the amended guideline range -- a percentage - based test like that expressly rejected by the Supreme Court in **Gall v. United States**, 128 S.Ct. 586, 595-96 (2007).

Finally, in an act of supreme irony, the Commission mentions **Booker** for the first time ever -- but does so in the context of advising courts not to reduce a non-guideline sentence (i.e., a variance) any more than the proportional reduction approved for guideline departure cases. See § 1B1.10(b)(1)(B). This amended commentary should not be followed (unless beneficial under the circumstances) for at least three reasons. First, it limits the sentencing court's ability to consider the 18 U.S.C. § 3553(a) factors in imposing a new sentence in violation of the court's duty under § 3582(c)(2). Second, it instructs courts to treat § 1B1.10 as mandatory -- which in turn makes § 2D1.1 mandatory in the context of a § 3582(c)(2) re-sentencing -- in violation of **Booker** and **Kimbrough**, and Third, it violates the Commission's own statutory obligations under its enabling statutes, 28 U.S.C. §§ 991 and 994.

Importantly, the Supreme Court in **Kimbrough v. United States, 128 S.Ct. 558, 566 (2007),** wrote that the "modest amendment [still] yields sentences for crack offenses between two and five times longer than sentences for equal amounts of powder cocaine. **Id at 569 (citing Amendments to Sentencing Guidelines for U.S. Courts, 72 Fed. Reg. 29571-72 (2007)).** Moreover, the Commission has recommended that the ratio be substantially reduced." **Id.** at 568. It is also worth noting, that the Commission has described the amendments as "only" a partial remedy for the problems generated by the crack / powder disparity.

Having made clear that District Courts has the power and discretion to sentence crack offenders to sentences that are necessary but not greater than necessary, while consulting those guidelines established by the Commission, but not to the extent that

(17)

the guidelines may over-ride those statutory factors found under 18
U.S.C. § 3553(a). The Supreme Court has up-held cases after Booker,
where the district court utilized its discretion in fashioning a
sentence that was consistent with law, and criminal offenders. This
Court has the power and the discretion to reduce defendant Loner's
360 months term of imprisonment on Counts I and II under the foregoing
18 U.S.C. § 3582(c)(2) motion in light of Amendment 706 to § 2D1.1 .

Loner had been sentenced under Guidelines version that imposed
100:1 crack -to- powder ratio in the Drug Tables. defendant Loner
motion must be granted because, withstanding the guideline amendment,
the amendment does have the effect of lowering his guideline range.
Courts also agree that where, as is the case here, application of the
pertinent amendment does result in a different sentencing range, a
reduction of sentence may occur.

In the case at hand, a sentence of 420 months is insufficient
to provide Loner with time to change his outlook on life and to deter
him from committing the same offenses upon return to society.

WHEREFORE, all the reasons and citations of authority set forth herein, defendant Loner respectfully prays that this Court will reduce his previously imposed <u>420</u> months term of imprisonment, and warrant remand, to allow the District Court to decide whether to exercise its discretion to resentence him on the basis of retroactive application of the Sentencing Guidelines Amendment that reduced the disparity between offense levels for cocaine base ("crack"), and any and all other relief to which the Honorable Court deems just and proper under the Circumstances and Laws of the United States.


Respectfully Submitted,

James N. Loner, Jr.
Fed. Reg. No. #09982-067
FCI Estill
Federal Correctional Institution
P.O. Box 699
Estill, SC 29918

**Defendant Pro Se**

DATE: 6/25/08

## CERTIFICATE OF SERVICE

I, James N. Loner, Jr. certify that a true and accurate Copy of the foregoing " § 3582(c)(2) Motion " was served this _25 th_ day of ___June___ 2008, by regular U.S. Mail with sufficient Postage affixed to the Office of the Assistant United States Attorney, Gordon A.D. Zubrod, P.O. Box 11745, Federal Building Room 217, Harrisburg, Pa. 17108.

Respectfully Submitted,

James N. Loner, Jr. **Pro Se**
Reg. No. #09982-067
FCI Estill
Federal Correctional Institution
P.O Box 699
Estill, SC 29918

DATE: 6/25/08

James N. Loner, Jr.
Reg. No. #09982-067
FCI Estill
Federal Correctional Institution
P.O. Box 699
Estill, SC 29918


Office of the Clerk
United States District Court
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 983
Harrisburg, Pa. 17108


Re:  OF Filing § 3582(c)(2) Motion into Court


Dear Clerk of Court:

My name is James N. Loner, Jr., an inmate at FCI Estill. Would you please be so kind enough to File / Docket my § 3582(c)(2) Motion in the Court to my Sentencing Judge William Caldwell?


As you see I am filing my Motion Pro Se which i'm requesting Judge Caldwell to look over and make a decision once you docket it for him to review? If there's any other information that you need please contact me and also inform me of my status of my motion. I thank you for your time and patience in this matter.


Respectfully,

James Loner Jr

James N. Loner, Jr. Pro Se

Date: 6/25/08