20. With regard to the defendants' prior convictions, on April 5, 1993, in Huntingdon County Court, Huntingdon, Pennsylvania, under Docket No. 1991 CA 438, **James Loner**, was convicted of possession with intent to deliver cocaine and was sentenced to fifteen to fifty-nine months imprisonment. On January 21, 1994, in Huntingdon County Court, Huntingdon, Pennsylvania, under Docket No. 1992 CA 222, Kenneth Simmons, Jr., was convicted of delivery of cocaine and was sentenced to ten to thirty-six months imprisonment. Because of their felony convictions, the defendants were prohibited from possessing the firearms or ammunition.

### Victim Impact

21. The Government has identified no specific victim in the instant case.

### Adjustment for Obstruction of Justice

22. There is no evidence that the defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

23. The defendant, at the direction of counsel, declined to discuss the offense because he intends to appeal. Mr. Loner related that he has not "messed" with crack since 1994, when he reportedly overcame his crack addiction.

### Offense Level Computation

24. The sentencing guidelines effective November 1, 1998, were used in the following calculations.

25. In the case of **James N. Loner, Jr.**, Count I (conspiracy to distribute and possess with intent to distribute cocaine) and Count II (distribution and possession with intent to distribute cocaine base) are grouped into a single group under USSG § 3D1.2(b), because they involve a conspiracy and a substantive count. Count VIII (felon in possession of ammunition) is also grouped into this group under § 3D1.2(c), because the count embodies conduct that is treated as a specific offense characteristic in the applicable guideline. Count VI (aiding and abetting another to use or carry a firearm during and in relation to a drug trafficking crime) is excluded from grouping under USSG § 3D1.1(b), because the statute mandates a consecutive sentence and becomes its own group. However, the Count VIII conduct is then excluded as a specific offense characteristic in the drug violation's group because of the Count VI conviction, pursuant to § 2K2.4, Application Note 2.

GROUP ONE - Counts I, II and VIII

★ 26. **Base Offense Level:** The guideline for 21 USC § 846 and § 841 offenses is found in USSG § 2D1.1, which provides for a base offense level of thirty-eight for offenses involving 1.5 kilograms or more of cocaine base.   <u>38</u>

EXHIBIT B

1  MR. DEVECKA: Well, I told you off the record at
2  sidebar that I wasn't able to do that.
3  THE COURT: I've got to go by the status of the
4  case now.
5  MR. DEVECKA: I understand that, Your Honor, and
6  arguing the earlier opinion I think does nothing.
7  THE COURT: All right. Mr. Loner, this is a very
8  sad situation because I personally feel that these federal
9  sentencing guidelines are much, much more severe than they
10 should be when we are dealing with cocaine and crack cocaine.
11 Unfortunately the law requires me to comply with the federal
12 sentencing guidelines which creates the range where I must
13 sentence you, and I hope at some point that something might
14 occur that would enable the Court to reduce your sentence
15 because I think a sentence such as I have to impose on you
16 today is very unfair and unrealistic, but, as I said, and I'm
17 not a member of the Congress, but I do have to comply with
18 whatever laws they enact.
19         Pursuant to the Sentencing Reform Act it is the
20 judgment of the Court that the defendant James N. Loner, Jr.
21 be committed to the custody of the Bureau of Prisons to be
22 imprisoned for a term of 360 months. This term consists of
23 terms of 360 months on each of Counts I and II and 60 months
24 on Count VIII. These sentences are to be served
25 concurrently. On Count VI the defendant is ordered to serve

of judicial proceedings." <u>Johnson</u>, 520 U.S. at 466-67 (internal quotations and citations omitted); <u>United States v. Olano</u>, 507 U.S. 725, 732-36 (1993). Loner's argument must be rejected because <u>Apprendi</u> error occurred and therefore he cannot satisfy the first plain error factor.

In <u>Apprendi</u>, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. Under this regime, the "prescribed statutory maximum" is the punishment the defendant faces under the facts found by the jury. <u>See id</u>. At 2359, 2362-63; <u>United States v. Nordby</u>, 225 F.3d 1053, 1059 (9th Cir. 2000). Additionally – and of central importance in this case – is that determining whether an <u>Apprendi</u> error has occurred requires that each specific sentence must be individually assessed in terms of the prescribed statutory maximum on the relevant count. <u>See Apprendi</u>, 120 S.Ct. at 2354.

✳ In Loner's case, each specific sentence he received fell within the prescribed statutory maximum sentence on the relevant count, and therefore <u>Apprendi</u> was not violated. First, as for the drug counts, the District Court did not submit the issues of drug quantity or drug type attributable to Loner to the jury. Under these circumstances, the only penalty authorized by the jury's guilty verdict is the one set forth in 21 U.S.C. §841(b)(1)(C), which (with one exception not relevant here) criminalizes conduct involving controlled substances without reference to drug quantity. <u>See United States v. Jones</u>, 235 F.3d 1231, 1236 (10th Cir. 2000); <u>see also United States v. Anderson</u>, 236 F.3d 427, 429 (8th Cir. 2001) (per curiam). The prescribed statutory maximum sentence under that provision is 30 years if the violation was committed "after a prior conviction for a felony drug offense has become final." 21 U.S.C. §841(b)(1)(C). Loner has a prior felony drug offense: in 1991 he pled guilty in

17







### Certificate of Award
This certifies that
**JAMES LONER**
has completed the required curriculum and assignments to receive certification in
Parenting Skills Program – Level I
awarded by
The Parenting Program
of
The Bethesda Family Services Foundation
Class Hours Completed 22    Date August 14, 2001

### Certificate of Award
This certifies that
**JAMES LONER**
has completed the required curriculum and assignments to receive certification in
Parenting Skills Program – Level II
awarded by
The Parenting Program
of
The Bethesda Family Services Foundation
Class Hours Completed 22    Date November 6, 2001

### Certificate of Award
This certifies that
*James Loner*
Has completed the required curriculum and assignments of the
Advanced Parenting Program Level III
Awarded by
Bethesda Family Services Foundation
"Healing Hearts and Changing Lives"
Completed 20 Class Hours    June 3, 2004
James Dressler, Programs Supervisor    Mimi Troisi, Parenting Instructor

### Certificate of Award
This certifies that
*James Loner*
Has completed the required curriculum and assignments of the
Advanced Parenting Program Level IV
Awarded by
Bethesda Family Services Foundation
"Healing Hearts and Changing Lives"
Completed 22 Class Hours    August 26, 2004
James Dressler, Programs Supervisor    Mimi Troisi, Parenting Instructor

### Certificate of Award
This certifies that
*James Loner*
Has completed the required curriculum and assignments of the
Advanced Parenting Program Level V
Awarded by
Bethesda Family Services Foundation
"Healing Hearts and Changing Lives"
Completed 20 Class Hours    November 18, 2004
Richard Rodgers, Administrative Manager    Dominic Herbst, President



Certificate of Award — James Loner — Extended Parenting Level VI — Bethesda Family Services Foundation — May 2005

### Certificate of Award

This certifies that

*James Loner*

Has completed the required curriculum and assignments of the

Advanced Parenting Program Level VIII

Awarded by

Bethesda Family Services Foundation
"Healing Hearts and Changing Lives"

Completed 20 Class Hours          November 10, 2005

*Nancy A. Wesner*          *Richard Rodgers*
Nancy A. Wesner, Parenting Instructor    Richard Rodgers, Administrative Manager

### Certificate of Recognition

This certificate is awarded to:

*James Loner Jr.*

In appreciation for his faithfulness and dedication in completing 24 hours of study in Christian Character

This certificate is hereby issued on this 24 day of May 2004

Instructor D. Slocum          Pastor J. Beadle



FCI Allenwood
Spiritual Themes in Film
Certificate of Completion
10 hours

James Loner

December 12, 2005
Date          Signed



FCI Allenwood
Spiritual Wellness Program
Interpreting Film Phase III
Certificate of Completion

James N. Loner, Jr.

September 26, 2005
Date          Signed



FCI Allenwood
Spiritual Wellness Program
20 Hours in Wisdom Meditation
Certificate of Completion

James Loner

June 6, 2005
Date          Signed

...

```
  ESTAA            *         INMATE EDUCATION DATA          *     06-10-2008
PAGE 001 OF 001 *                  TRANSCRIPT               *     15:19:03

REGISTER NO: 09982-067     NAME..: LONER                    FUNC: PRT
FORMAT.....: TRANSCRIPT    RSP OF: EST-ESTILL FCI

-------------------------------- EDUCATION INFORMATION --------------------------------
FACL ASSIGNMENT DESCRIPTION                  START DATE/TIME  STOP DATE/TIME
EST  ESL HAS    ENGLISH PROFICIENT           01-11-2001 1445  CURRENT
EST  GED HAS    COMPLETED GED OR HS DIPLOMA  01-04-2001 1056  CURRENT

--------------------------------- EDUCATION COURSES ----------------------------------
SUB-FACL     DESCRIPTION                    START DATE  STOP DATE  EVNT AC LV  HRS
EST          COMMUNICATION SKILLS(#6PG)     05-01-2008  05-31-2008   P  C  P     9
EST          BUSINESS ETIQUETTE (#2 EM)     03-01-2008  03-31-2008   P  C  P     8
EST          ACCOUNTING ESSENTIALS (#3)     04-01-2008  04-30-2008   P  C  P     8
EST          INFECTIOUS DISEASE PREVT(HN#1) 04-17-2008  04-17-2008   P  C  F     1
ALM          PARENTING ADVANCED LEVEL 3     04-01-2004  02-15-2006   P  C  P    20
ALM          10 HOUR OSHA TRAINING          11-09-2005  01-25-2006   P  C  P    18
ALM          LEGAL RESEARCH ACE COURSE      06-29-2004  08-25-2004   P  C  P    18
SCH          BEAT THE STREET                08-08-2003  09-02-2003   P  C  P     5
SCH          PRE-REL VICTIM IMPACT GROUP    07-20-2001  03-29-2002   P  C  P    68
SCH          PARENTING TWO                  08-30-2001  11-09-2001   P  C  P    22
SCH          FCI PAR 1A - PARENTING ONE     06-05-2001  08-14-2001   P  C  P    22




G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

EXHIBIT E





Antwaun



2007-05

