UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
      :
      :  CRIMINAL NO. 1:00-CR-50-1
    v.      :
      :
JAMES N. LONER, JR.,      :
    Defendant      :


*M E M O R A N D U M*

I.      *Introduction*

Before the court is Defendant James N. Loner, Jr.'s motion (Doc. 333) to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that

follow, we will dismiss the motion, but will issue a certificate of appealability.


II.      *Background*

On June 8, 2000, a jury convicted Defendant on one count each of the

following: conspiracy and possession with intent to distribute in excess of 50 grams of

cocaine in violation of 21 U.S.C. § 846 (Count I); distribution and possession with intent to

distribute in excess of 50 grams of cocaine base and aiding and abetting such effort in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2 (Count II); possession

of a firearm in relation to a drug trafficking offense and aiding and abetting such effort in

violation of 18 U.S.C. §§ 2 and 924(c)(1) (Count VI); and felon in possession of

ammunition in violation of 18 U.S.C. § 922(g) (Count VIII). (Doc. 120). A Presentence

Investigation Report (PSR), which calculated Defendant's total offense level in accordance

with the United States Sentencing Guidelines (U.S.S.G. or Guidelines), was submitted on

November 17, 2000. The PSR divided Defendant's offenses into two separate groups:

Group One, which was comprised of Counts I, II, and VIII; and Group Two, which was comprised solely of Count VI. Pursuant to U.S.S.G. § 2D1.1 of the Guidelines effective November 1, 1998, Defendant's base offense level for the Group One offenses was 38, based on the weight of 1.5 kilograms or more of cocaine base. (PSR ¶¶ 24, 26). The PSR did not calculate a base offense level for Defendant's Group Two 18 U.S.C. § 924(c)(1) offense because U.S.S.G. § 2K2.4 does not provide a specific base offense level for 18 U.S.C. § 924(c)(1) offenses. (See id. ¶ 32). Rather, that section of the Guidelines provides that for 18 U.S.C. § 924(c)(1) offenses, "the guideline sentence is the minimum term of imprisonment required by statute." U.S.S.G. § 2K2.4(b); (see also PSR ¶ 32). No adjustments or enhancements were applied to the base offense level (38) of Defendant's Group One offenses, and, therefore, his total offense level was 38. (PSR ¶ 36). The PSR did note that because Defendant had at least two prior felony convictions for crimes of violence or controlled substance offenses, he was considered a career criminal and, therefore, could be subject to a career-criminal offense level enhancement under U.S.S.G. § 4B1.1. (Id. ¶ 34). However, because Defendant's offense level provided by § 4B1.1 would have been 37, a number lower than Defendant's otherwise applicable offense level of 38, the § 4B1.1 offense level did not apply. (Id.)

In addition to the offense level, the PSR also computed a criminal history category for Defendant. Because Defendant, according to the PSR, had thirteen criminal history points, his resulting criminal history category was VI. (Id. ¶ 46). Moreover, Defendant's status as a career offender also placed him in category VI pursuant to U.S.S.G. § 4B1.1(b). (Id.)

Defendant's total offense level of 38 and criminal history category of VI yielded a Guidelines custody range of 360 months to life imprisonment for Counts I, II, and VIII combined.  (Id. ¶ 68).  Count VI, pursuant to U.S.S.G. § 2K2.4, provided a 60-month term of imprisonment to run consecutively with Defendant's term for Counts I, II, and VIII. (Id.)  On November 29, 2000, we adopted the PSR and sentenced Defendant, as a career offender, to a total of 420 months of imprisonment.  (See Doc. 162 at 2).  The sentence consisted of a 360-month term on Count I, a 360-month term on Count II, and a 60-month term on Count VIII, all to run concurrently with each other, as well as a 60-month term on Count VI to run consecutively to the terms imposed on Counts I, II, and VIII.  (Id.)

Defendant appealed to the Third Circuit Court of Appeals, which affirmed his conviction and sentence on May 15, 2001.  See United States v. Loner, 259 F.3d 717 (3d Cir. 2001) (table).  On June 6, 2002, Defendant filed his first motion (Doc. 194) to vacate his conviction and sentence under 28 U.S.C. § 2255, alleging ineffective assistance of trial counsel and a violation of due process.  On January 16, 2003, we denied Defendant's § 2255 motion and denied a certificate of appealability.  (Doc. 225).  Subsequently, on February 4, 2003, Defendant filed a request (Doc. 229) for a certificate of appealability from the Third Circuit, which was denied on August 29, 2003.  See Loner v. United States, No. 03-1388 (3d Cir. Aug. 29, 2003).

On September 22, 2014, Defendant filed a motion (Doc. 314) under 18 U.S.C. § 3582(c) to reduce the sentence for his crack cocaine-related offenses pursuant to Amendment 706 to the Sentencing Guidelines.  Amendment 706 was adopted by the United States Sentencing Commission on November 1, 2007, and generally reduced the base offense level for crack cocaine offenses by two levels.  On December 15, 2014, we

granted Defendant's motion, and his sentence for Counts I and II was reduced from 360 months to 324 months. (See Docs. 320 & 321). Thereafter, on November 23, 2015, Defendant filed another § 3582(c) motion (Doc. 326) seeking an additional sentence reduction. Defendant's second motion was filed pursuant to Amendment 782 to the Sentencing Guidelines. We granted that motion on December 2, 2015, and Defendant's sentence for Counts I and II was reduced from 324 months to 262 months. (See Doc. 329).

On May 3, 2016, Defendant filed with the Third Circuit an application for leave to file a second motion for relief under 28 U.S.C. § 2255. On June 23, 2016, Defendant filed a proposed motion (Doc. 333) to vacate his sentence under 28 U.S.C. § 2255, arguing that, in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he no longer qualifies as a career offender and that his career offender sentence under U.S.S.G. § 4B1.2(a) violates due process of law.[1] (Doc. 333 at 16-17). Also on June 23, 2016, Defendant filed a motion (Doc. 334) to stay his proposed § 2255 motion until the Third Circuit resolved his § 2244 motion pending with that court. On June 27, 2016, we issued an order (Doc. 336) granting Defendant's motion to stay the proceedings in this matter.

Thereafter, on May 4, 2017, the Third Circuit issued an order staying Defendant's § 2244 application, noting that its then-forthcoming decision in the case of In

---

[1] Defendant recognizes that even if he is no longer a career offender, he would still have a guideline range of 262 to 327 months based on the Sentencing Guidelines applicable to his drug offenses. (Doc. 333 at 4). Defendant argues, however, that because he was sentenced in 2000 when the guidelines were still mandatory, prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we have "never considered [a sentence] for [Defendant] in a *non*-mandatory guideline regime." (Id.) (emphasis added). Thus, Defendant avers that he has filed the instant motion "[b]ecause [he] is no longer a career offender and because this Court may wish to take into consideration the elimination of his career offender status to lower his sentence at a resentencing following Johnson." (Id.)

re Hoffner, 870 F.3d 301 (3d Cir. Sept. 7, 2017), may affect its determination of Defendant's § 2244 application.  Finally, on November 2, 2017, subsequent to its decision in Hoffner, the Third Circuit issued an order which lifted the stay on Defendant's § 2244 application and granted him authorization to file his second § 2255 motion.  Thus, Defendant's second § 2255 motion, filed on June 23, 2016, is now ripe for review.

*III.*          *Discussion*

"Title 28 U.S.C. § 2255 establishes a 1-year period of limitation within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." Dodd v. United States, 545 U.S. 353, 354 (2005) (internal quotation marks omitted).  The 1-year period of limitation "runs from 'the latest' of a number of events, which are enumerated in [§ 2255(f)(1)-(4)]." Id.  Here, Defendant's § 2255 motion is not timely under § 2255(f)(1) because he filed the motion more than one year after his judgment of conviction became final.   Moreover, the motion is not timely under § 2255(f)(2) or (f)(4) because Defendant alleges no unlawful governmental action that prevented him from filing, and provides no evidence of newly discovered facts that would affect his sentence.  Thus, as Defendant appears to acknowledge, the only avenue for the instant § 2255 motion is § 2255(f)(3), which allows a defendant to file a motion seeking to collaterally attack his sentence within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally void for vagueness.  135 S. Ct. at

2563.  One year later, in <u>Welch v. United States</u>, the Supreme Court held that <u>Johnson</u> created a new substantive rule of constitutional law that was retroactive to ACCA-residual-clause cases on collateral review.  136 S. Ct. 1257, 1268 (2016).  Because the career offender guideline contained an identically worded residual clause, <u>see</u> U.S.S.G. § 4B1.2(a)(2) (2000), Defendant asserts that his sentence under the guideline's residual clause is invalid.  Defendant argues that "[a]lthough <u>Johnson</u> addressed the residual clause in the ACCA, the decision also applies to the definition of [a] crime of violence set forth in the sentencing guidelines."[2]  (Doc. 333 at 6).  The Supreme Court, however, has not yet extended its holding in <u>Johnson</u> to the identically worded residual clause of the career offender guideline.

Recently, in <u>Beckles v. United States</u>, 137 S. Ct. 886 (Mar. 6, 2017), the Supreme Court explained that its decision in <u>Johnson</u> did not extend to the residual clause of the advisory career offender guideline.  137 S. Ct. at 890.  The Court held that U.S.S.G. § 4B1.2(a)(2) of "the advisory Guidelines [is] not subject to vagueness challenges under the Due Process Clause."  <u>Id.</u>  Distinguishing its holding in <u>Johnson</u>, the Court in <u>Beckles</u> relied on the distinction between the effect at sentencing of the discretionary nature of the advisory Guidelines and mandatory statutes like the ACCA:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences.  To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

<u>Beckles</u>, 137 S. Ct. at 892.

---

[2] The residual clause of U.S.S.G. § 4B1.2(a)(2) was removed in the 2016 amendments to the Guidelines.  <u>See</u> <u>United States v. Graves</u>, No. 1:15-CR-158-001, 2016 WL 5934205, at *2 (M.D. Pa. Oct. 12, 2016).

Defendant's instant motion, however, is not squarely addressed by the Supreme Court's decision in Beckles because Defendant was sentenced pursuant to the pre-Booker[3] career offender guideline, when the Guidelines were mandatory. Beckles only resolved a void-for-vagueness collateral challenge to a post-Booker application of the now-advisory guidelines. In Beckles, by adhering to the "distinction between mandatory and advisory," the Supreme Court "le[ft] open the question [of] whether defendants sentenced to terms of imprisonment before [Booker] . . . may mount vagueness attacks on their sentences." Beckles, 137 S. Ct. at 903 n.3 (Sotomayor, J., concurring in judgment). That issue, which is currently raised by Defendant's § 2255 motion, was "not presented" by Beckles and the Supreme Court took "no position on its appropriate resolution." Id. Accordingly, the Supreme Court in Beckles did not create a newly established right to challenge the vagueness of the pre-Booker mandatory Guidelines under the Due Process Clause.

Following Beckles, it seems clear that the Supreme Court's decisions in "Johnson and Welch did not call into question § 4B1.2(a)(2) of the Guidelines, the Guidelines in general, or any other sentencing provisions with similarly worded clauses." United States v. Ojeda, No. 8:01CR196, 2017 WL 1495981, at *3 (D. Neb. Apr. 26, 2017) (citing Johnson, 135 S.Ct. at 2561). Therefore, we find that Defendant's instant § 2255 motion seeks "an extension, not an application, of the rule announced in Johnson." Id. Defendant's motion requires the recognition of "a second new rule that extends Johnson to the [mandatory] sentencing guidelines." Id. (quoting Donnell v. United States, 826 F.3d 1014, 1015 (8th Cir. 2016)). "Section 2255(f)(3), however, requires the recognition of

---

[3] United States v. Booker, 543 U.S. 220, 245 (2005) (holding that the Guidelines were "effectively advisory").

such a rule to 'come from the Supreme Court, not from this [c]ourt.'" <u>Id.</u> (quoting <u>United States v. Mason</u>, No. 2:10-CR-0080-LRS-1, 2016 WL 6803098, at *4 (E.D. Wash. Nov. 16, 2016)).

We find that Defendant asks the court to extend the rule announced in <u>Johnson</u> to § 4B1.2(a)(2) of the pre-<u>Booker</u> mandatory Guidelines.  <u>See</u> <u>United States v. Beraldo</u>, No. 3:03-CR-00511-AA, 2017 WL 2888565, at *2 (D. Or. July 5, 2017) ("The right asserted by defendant is the right not to be subjected to a sentence enhanced by a vague mandatory sentencing guideline. . . . [A]fter <u>Beckles</u>, it is doubtful that right is the same right recognized in <u>Johnson</u>.").  Because such an extension of <u>Johnson</u> requires the court to create a new rule, and because the plain language of 28 U.S.C. § 2255(f)(3) reserves the creation of such a rule—or right—to the Supreme Court, Defendant may not rely upon § 2255(f)(3) to make his instant motion timely.  Virtually all district courts that have addressed this issue are in agreement, and have either dismissed or denied <u>Johnson</u>-based § 2255 motions that challenge the vagueness of the pre-<u>Booker</u>, mandatory career offender guideline's residual clause.  <u>See</u> <u>United States v. Ward</u>, No. 01-CR-40050-01-DDC, 2017 WL 3334644, at *2-3 (D. Kan. Aug. 4, 2017).  Therefore, we find that Defendant's § 2255 motion is premature in the sense that the Supreme Court in neither <u>Johnson</u>, <u>Welch</u>, nor <u>Beckles</u> established a new right indicating that the mandatory, pre-<u>Booker</u> Guidelines are subject to void-for-vagueness challenges under the Due Process Clause.  As such, we will dismiss Defendant's motion as time-barred.[4]

---

[4] Although we are dismissing Defendant's motion, we do so without prejudice and add that our dismissal does not preclude Defendant from reasserting his claim if the Supreme Court were to announce a new right that the pre-<u>Booker</u>, mandatory Guidelines are subject to void-for-vagueness challenges under the Due Process Clause.

We will grant a certificate of appealability, although we recognize that district courts appear divided on whether to grant such a certificate.  <u>See, e.g.</u>, <u>Ward</u>, 2017 WL 3334644, at *3; <u>Davis v. United States</u>, No. 16-C-747, 2017 WL 3129791, at *7 (E.D. Wis. July 21, 2017); <u>but see</u> <u>Miller v. United States</u>, No. 2:16CV589DAK, 2017 WL 2937949, at *3 (D. Utah July 10, 2017).  "Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to 'issue or deny a certificate of appealability when it enters a final order adverse' to the petitioner."  <u>Ward</u>, 2017 WL 3334644, at *3.  "A court may grant a certificate of appealability . . . only 'if the applicant has made a substantial showing of the denial of a constitutional right.'"  <u>Id.</u> (quoting 28 U.S.C. § 2253(c)(2)).  "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a [certificate of appealability] should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Id.</u> (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Here, although the Supreme Court has not announced a new right to challenge the mandatory Guidelines as void for vagueness under the Due Process Clause, we conclude that reasonable jurists could debate whether such a new right exists in light of <u>Johnson</u> and the Supreme Court's distinction in <u>Beckles</u> between the advisory Guidelines and mandatory statutes like the ACCA.  This conclusion is buttressed by the Third Circuit's recent decision in <u>Hoffner</u>.

In <u>Hoffner</u>, defendant Thomas Hoffner, like Defendant in the instant matter, sought authorization to file a second or successive § 2255 motion invoking <u>Johnson</u> to

challenge his sentence that was based on the career-offender residual clause of the pre-Booker mandatory guidelines. See Hoffner, 870 F.3d at 302-03. The Third Circuit granted Hoffner leave to file his successive § 2255 motion, holding that in light of Johnson and Beckles, Hoffner at least made a "prima facie showing" that permitted the filing of a successive habeas corpus petition in the District Court. Id. at 303, 312 (citing 28 U.S.C. § 2244(b)(3)(C)).[5] The court additionally recognized that "[t]he Second, Sixth, Fourth, and Tenth Circuits have all authorized second or successive habeas petitions challenging [the pre-Booker] residual clause in light of Johnson." Id. at 309-10 (citing Vargas v. United States, No. 16-2112, 2017 WL 3699225 (2d Cir. May 8, 2017); In re Patrick, 833 F.3d 584, 589 (6th Cir. 2016); In re Hubbard, 825 F.3d 225, 231 (4th Cir. 2016); In re Encinias, 821 F.3d 1224, 1226 (10th Cir. 2016)). While recognizing that Hoffner had made a "prima facie showing," the court made clear that it was not deciding his petition on the merits and delegated that task to the District Court. Id. at *10 ("We will . . . authorize Hoffner to file a successive habeas corpus petition. It will be for the District Court to determine in the first instance whether his petition has merit.").

Accordingly, we will grant a certificate of appealability on the issue of whether a new right exists to challenge the mandatory Guidelines under the Due Process Clause so as to make Defendant's motion timely under § 2255(f)(3).

IV.     *Conclusion.*

In sum, Defendant asks the court to extend the new rule of constitutional law announced in Johnson to the pre-Booker Guidelines. Johnson did not establish such a

---

[5] In granting Defendant leave to file a second § 2255 motion in the instant matter, the Third Circuit cited its decision in Hoffner and reached a similar conclusion with regard to Defendant's § 2255 motion.

right, and, after <u>Beckles</u>, the Supreme Court left open the question of whether such a new rule—or right—exists. Because 28 U.S.C. § 2255(f)(3) requires Defendant's motion to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," and because the Supreme Court has not yet established such a new right to challenge the mandatory Guidelines as unconstitutionally vague, we will dismiss Defendant's motion as time-barred. However, we will grant a certificate of appealability. An appropriate order will follow.

<u>/s/ William W. Caldwell</u>
William W. Caldwell
United States District Judge